

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

THE ASSISTANT SECRETARY

August 30, 2021

The Honorable Joy Hofmeister
State Superintendent of Public Instruction
Oklahoma State Department of Education
Oliver Hodge Education Building
2500 North Lincoln Boulevard
Oklahoma City, OK 73105
Email: Joy.Hofmeister@sde.ok.gov

*sent via E-mail*

Re:  OCR Docket #07-21-8901

Dear Superintendent Hofmeister:

I write to inform you that the U.S. Department of Education's Office for Civil Rights (OCR) is opening a directed investigation into whether the Oklahoma State Department of Education may be preventing school districts in the state from considering or meeting the needs of students with disabilities as a result of Oklahoma's policy that prohibits school districts and individual schools from requiring the use of face masks to reduce the risk to students and others of contracting COVID-19 in school. OCR's investigation will focus on whether, in light of this policy, students with disabilities who are at heightened risk for severe illness from COVID-19 are prevented from safely returning to in-person education, in violation of Federal law. The remainder of this letter sets out in more detail the basis for this investigation and how the investigation will proceed.

With the start of the new school year, the nation has experienced significant increases in the number of new COVID-19 cases in the general population and specifically among school-age children.[1] Reports show distressingly high rates of hospitalization of children with COVID-19.[2]

---

[1] Centers for Disease Control and Prevention (CDC), *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#demographicsovertime.

[2] CDC, *COVID Data Tracker* (last updated Aug. 30, 2021), https://covid.cdc.gov/covid-data-tracker/#new-hospital-admissions.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

National data also show that children with some underlying medical conditions, including those with certain disabilities, are at higher risk than other children for experiencing severe illness from COVID-19.[3]

At the same time, extensive evidence supports the universal use of masks over the nose and mouth to reduce the risk of COVID-19 transmission.[4] For this reason, the Centers for Disease Control and Prevention (CDC) "recommends universal indoor masking by all students (age 2 and older), staff, teachers, and visitors to K-12 schools, regardless of vaccination status."[5] The CDC has stated that "with COVID-19 cases increasing nationally since mid-June 2021, driven by the B.1.617.2 (Delta) variant of SARS-CoV-2," the protection provided by consistent and correct masking "remains essential in school settings."[6]

However, Oklahoma now prohibits public schools and school districts from implementing a mask requirement for students who have not been vaccinated against COVID-19, unless a board of education or a technology center school district consults with the local county health department or city-county health department within the jurisdiction where the board is located and the jurisdiction where the board is located is under a current state of emergency declared by the Governor. *See* Oklahoma Enrolled Senate Bill 658. It is unclear whether this prohibition remains in place even when the school or district determines, given the COVID-19 transmission rates in the surrounding area, that a mask requirement is necessary to protect students with disabilities who are at heightened risk for severe illness from COVID-19.

In light of these circumstances, OCR is concerned that Oklahoma's restriction on schools and school districts from putting masking requirements in place may be preventing schools in Oklahoma from meeting their legal obligations not to discriminate based on disability and from providing an equal educational opportunity to students with disabilities who are at heightened risk of severe illness from COVID-19.

---

[3] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[4] CDC, *Science Brief: Transmission of SARS-CoV-2 in K-12 Schools and Early Care and Education Programs – Updated* (last updated July 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/transmission_k_12_schools.html.
[5] CDC, *Guidance for COVID-19 Prevention in K-12 Schools* (last updated Aug. 5, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html. The CDC guidance recognizes an exception for a person who cannot wear a mask, or cannot safely wear a mask, because of a disability as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and explains that schools should discuss the possibility of reasonable accommodation. *See id.*, https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html#mask-use.
[6] *Id*.

OCR enforces Section 504 of the Rehabilitation Act of 1973 (Section 504), which is a Federal law that protects students with disabilities from discrimination based on their disability.[7] Section 504 guarantees qualified students with disabilities the right to a free appropriate public education in elementary and secondary school, commonly referred to as FAPE.[8] This includes the right of students with disabilities to receive their education in the regular educational environment, alongside their peers without disabilities, to the maximum extent appropriate to their needs.[9] OCR also enforces Title II of the Americans with Disabilities Act of 1990 (Title II), which similarly prohibits disability discrimination by public entities, including public education systems and institutions, regardless of whether they receive Federal financial assistance from the Department.[10]

As the Department's civil-rights enforcement arm, OCR is charged with ensuring that recipients of the Department's financial assistance and public entities, including the Oklahoma State Department of Education, are following these laws. To fulfill this responsibility, OCR may initiate a directed investigation in response to information that indicates a potential failure to comply with a law OCR enforces.[11] This includes the authority to investigate a state educational agency whose policies or actions may discriminate against students with disabilities by denying them an equal opportunity to participate in school and benefit from the school's educational opportunities.

Based on the information above, OCR is opening a directed investigation into the Oklahoma State Department of Education's compliance with Section 504 and Title II. Specifically, OCR will examine whether, in light of Oklahoma's prohibition on local school districts and schools from requiring the use of masks on school property and during in-person school-sponsored activities, the Oklahoma State Department of Education may be preventing school districts in the state from considering or meeting the individual educational needs of students with disabilities or otherwise enabling discrimination based on disability in violation of Section 504 and Title II. In this investigation, particular attention will be given to whether the Oklahoma State Department of Education may be preventing schools from making individualized assessments about mask use so that students with disabilities can attend school and participate in school activities in person, consistent with their right to receive a free appropriate public education and to be free from discrimination based on their disability.

---

[7] 29 U.S.C. § 794; 34 C.F.R. Part 104.
[8] 34 C.F.R. § 104.33.
[9] 34 C.F.R. § 104.34.
[10] 42 U.S.C. § 12131 *et seq*.; 28 C.F.R. Part 35.
[11] The regulation that authorizes OCR to conduct directed investigations can be found in the Code of Federal Regulations at 34 C.F.R. § 104.61, incorporating by reference 34 C.F.R. § 100.7(c). OCR's Case Processing Manual also provides information about directed investigations in Section 402.

Please note that opening this directed investigation in no way implies that OCR has decided whether there has been a violation of a law OCR enforces. During the investigation, OCR is a neutral factfinder, collecting and analyzing relevant evidence from the Oklahoma State Department of Education and other sources as appropriate prior to reaching a determination in this matter.

Our goal is the prompt resolution of this investigation consistent with the provisions set out in [OCR's Case Processing Manual](#). The OCR Kansas City office will conduct this directed investigation. OCR will contact Oklahoma State Department of Education officials within a week of the date of this letter to request data and other information necessary for this investigation.

OCR's Case Processing Manual provides several ways for this investigation to be resolved, including an option to reach a voluntary resolution agreement prior to the completion of an investigation. If the Oklahoma State Department of Education expresses an interest in resolving the investigation in this way and OCR determines this form of resolution is appropriate based on the investigation, we will follow the steps set out in Section 302 of the Case Processing Manual.

Upon receipt of this letter, please notify OCR of the name, address, and telephone number of the person who will serve as the Oklahoma State Department of Education's contact person for this matter. Please refer to the above-referenced case docket number in any contacts with this office. If you have any questions prior to receiving the data-request letter, please do not hesitate to contact Bradley Burke, Regional Director, at [Bradley.Burke@ed.gov](mailto:Bradley.Burke@ed.gov) or 816-268-0550.

Sincerely,

*[signature]*

Suzanne B. Goldberg
Acting Assistant Secretary for Civil Rights
U.S. Department of Education