Index No. 21-cv-08463 (JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONOHUE, PATRICK, et al.,

Plaintiffs,

-against-

HOCHUL, KATHLEEN, et al.,

Defendants.

# CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

## GEORGIA M. PESTANA

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-180
New York, New York 10007-2601

*Of Counsel:*   Marilyn Richter
*Tel:*  (212) 356-2083
*Email:* mrichter@law.nyc.gov

Matter No. 2021-032334

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

      POINT I

           THE COURT LACKS SUBJECT MATTER JURISDICTION INSOFAR AS PLAINTIFF DONOHUE INDIVIDUALLY AND ON BEHALF OF S.J.D. LACKS STANDING, AND OVER THE CLAIMS FOR PENDENCY AND A DENIAL OF FAPE BECAUSE PLAINTIFFS HAVE NOT EVEN COMMENCED THE ADMINISTRATIVE PROCESS ................................................................................................ 1

      POINT II

           PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST THE CITY DEFENDANTS ............................... 5

CONCLUSION ...................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Pages**

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1982).................................................................................................................3

*City of Newport v. Fact Concerts*,
    453 U.S. 247 (1981).............................................................................................................3, 4

*Clark-Fitzpatrick, Inc. v. Long Island Railroad Co.*,
    70 N.Y.2d 382 (1987)..............................................................................................................4

*Cook Cty. v. United States ex rel. Chandler*,
    538 U.S. 119 (2003).................................................................................................................4

*Cornell v. Cty. of Monroe*,
    187 A.D.3d 1566 (4th Dep't 2020).........................................................................................4

*Golden v. Zwickler*,
    394 U.S. 103 (1969).................................................................................................................3

*Kentucky v. Graham*,
    473 U.S. 159 (1985).................................................................................................................4

*Livingston v. City of N.Y.*,
    2021 WL 4443126 (S.D.N.Y. Sep. 28, 2021).........................................................................4

*Monell v. Dept. of Social Services*,
    436 U.S. 658 (1978).................................................................................................................4

*Pierce v. Society of Sisters,*
    268 U.S. 510 (1925)..............................................................................................................5, 6

[Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters &
    Joiners of Am.]{.underline}, 658 F. Supp. 2d 1266, 1279 (W.D. Wash. 2009) ..........................................8

*Prince v. Massachusetts*,
    321 U.S. 158 (1944)..............................................................................................................5, 6

*Troxel v. Granville*,
    530 U.S. 57 (2000)...................................................................................................................5

**Statutes**

10 NYCRR 2.60(f)............................................................................................................................2

29 U.S.C. § 794, *et seq.*...................................................................................................................9

42 U.S.C. § 1983 ........................................................................................................................... 5

42 U.S.C. § 12101, *et seq* ........................................................................................................... 9

**Statutes**                                                                                                                                   **Pages**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1

Fed. R. Civ. P. 12(d) ................................................................................................................... 7

Federal Rule of Evidence 201(b) ............................................................................................... 8

N.Y. Education Law § 310 ........................................................................................................ 9

N.Y. Education Law § 313 ........................................................................................................ 5

N.Y. Public Health Law § 12-b(1) ............................................................................................ 2

N.Y. Public Health Law § 12-b(2) ............................................................................................ 2

New York City Charter § 396 .................................................................................................... 4

**Regulations**

10 NYCRR 260(a) .................................................................................................................. 2, 9

10 NYCRR 260(f) ..................................................................................................................... 2

**Other Authorities**

New York State Constitution Article XI, § 1 ............................................................................ 5

## PRELIMINARY STATEMENT

Mayor de Blasio in his official capacity, David Chokshi, the Commissioner of the New York City Department of Health and Mental Hygiene in his official capacity, the New York City Department of Health and Mental Hygiene, Meisha Porter, the Chancellor of the New York City Department of Education in her official capacity, and the New York City Department of Education ("DOE") (collectively "City Defendants"), have moved to dismiss the Complaint as to the City Defendants pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiffs' Memorandum of Law in Opposition to New York City Defendants' Motion to Dismiss ("Pl MOL") does not contest the facts upon which City Defendants have moved pursuant to Rule 12(b)(1), lack of subject matter jurisdiction, and does not address the authorities cited and arguments raised by City Defendants concerning most of the Thirteen Causes of Action in the Complaint. Further, Plaintiffs make arguments based on a document which they attach as an Exhibit to the Pl MOL, which was not part of nor referenced in their Complaint.

## ARGUMENT

### POINT I

**THE COURT LACKS SUBJECT MATTER JURISDICTION INSOFAR AS PLAINTIFF DONOHUE INDIVIDUALLY AND ON BEHALF OF S.J.D. LACKS STANDING, AND OVER THE CLAIMS FOR PENDENCY AND A DENIAL OF FAPE BECAUSE PLAINTIFFS HAVE NOT EVEN COMMENCED THE ADMINISTRATIVE PROCESS**

In support of their Motion to Dismiss insofar as it is based on Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, City Defendants submitted the Declaration of Joshua Morgenstern, dated November 24, 2021 ("Morgenstern Decl") which states that: 1) implementing and overseeing the State mask mandate in the International Institute for the Brain ("iBrain"), the private

school attended by Plaintiff-Student S.J.D., the daughter of Plaintiff Donohue, is not the responsibility of City Defendants but of the administration of iBrain; and 2) DOE has no record that any of the three Plaintiffs has filed a ten-day notice or a due process complaint concerning the mask requirement or alleging a unilateral modification of the Plaintiff-Students' Individualized Educational Programs ("IEPs") nor a denial of a Free Appropriate Public Education ("FAPE") for the current (2021-2022) school year based on the mask requirement.  (Morgenstern Decl, ¶¶ 8, 5, respectively).  Plaintiffs do not dispute these facts.

Instead, Plaintiffs argue first, that Plaintiff Donohue and his daughter S.J.D. have standing because they "remain subject to the penalties for violating the mask mandates [sic] and thus have standing."  (Pl MOL, p. 5).  This is a reference to the provision of the State emergency rule that provides that violations of the mask mandate "are subject to a maximum fine of $1,000 for each violation."  10 NYCRR 2.60(f)(i).  Plaintiffs also reference N.Y. Public Health Law § 12-b(1) which provides that a willful violation of a lawful order or regulation prescribed by a local board of health or local health officer is a misdemeanor, and § 12-b(2) which provides that a willful violation of any provision of the Public Health Law or any regulation promulgated pursuant thereto, where the punishment is not otherwise prescribed by this law or any other law, is punishable by imprisonment not to exceed one year or a fine not to exceed $10,000.  The cited provisions of N.Y. Public Health Law §§ 12-b(1)(2) are inapplicable.

The State school mask mandate provides for a medical exemption;  10 NYCRR 260(a) states that a mask requirement will apply to all persons over age two who are "medically able to tolerate a face covering," and the State Health Commissioner's Determination, quoted in the Complaint ¶ 122, not only reiterates this language but further states regarding the universal masking requirement in P-12 schools: "Such requirement is subject to applicable CDC-

recommended exceptions." The CDC recommends exceptions for persons "who cannot wear a mask, or cannot safely wear a mask, because of a disability as defined by the Americans with Disabilities Act (ADA) (42 U.S.C. 12101 et seq.)."[1]

It is alleged that given her physical disabilities, S.J.D.'s wearing a mask "could lead to pneumonia and possible death." (Complaint ("C") ¶ 16). Although Plaintiffs fail to state what actions, if any, the iBrain administration has taken regarding a medical exemption for S.J.D., it is asserted that S.J.D. has not worn a mask since resuming in-person instruction at iBrain in May 2020. Given the allegations of the potential consequences if S.J.D. wore a mask, and that she has not worn a mask during in-person instruction at iBrain in over one-and-one-half years, it can be assumed that S.J.D. has been granted a medical exemption by iBrain, either implicitly or explicitly.[2] Accordingly, there are no allegations in the Complaint which suggest that Plaintiff Donohue and S.J.D. are violating the State mask mandate.

In addition, even if S.J.D. were not medically exempt, the Complaint contains no allegation that any of the Plaintiffs, or indeed any parent or child in the City or State of New York, has ever been fined and/or arrested for violation of the school mask mandate or even threatened with a fine and/or arrest. Accordingly, Plaintiff Donohue and S.J.D. do not have standing based on the cited violation provisions. There is no case or controversy stated by any of the Plaintiffs based on the violation provisions. To have standing to seek injunctive relief, Plaintiffs would have to assert a

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/cloth-face-cover-guidance.html#anchor_1619804600020

[2] Plaintiffs assert (Pl MOL, p. 7, n.1) that DOE students may request a medical exemption from the mask mandate but that DOE has no similar mechanism for private school students. Plaintiffs ignore the Morgenstern Decl, ¶ 8, which states that it is the responsibility of the administration of each private school to determine whether medical exemptions should be granted to any of its students.

plausible real and immediate threat that they will be fined and/or arrested. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1982). A plausible real and immediate threat is also required to create a case or controversy and have standing to seek declaratory relief. *Id.* at 104, citing *Golden v. Zwickler*, 394 U.S. 103, 109 (1969).

The only other form of relief sought is punitive damages, "to the extent that such damages are not barred by federal and state law." (C, Request for Relief, ¶ 10). First, Plaintiffs Donohue and S.J.D. have not alleged that they have personally been affected or injured by the mask mandate, and therefore have no standing to seek either compensatory or punitive damages. *City of Los Angeles,* 461 U.S. at 105; *City of Newport v. Fact Concerts*, 453 U.S. 247, 258-271(1981). Second, under both federal and state law, punitive damages are not permitted against local government entities unless expressly authorized by statute. *Cook Cty. v. United States ex rel. Chandler,* 538 U.S. 119, 129 (2003); *City of Newport,* 453 U.S. at 271; *see also, Monell v. Dept. of Social Services,* 436 U.S. 658, 660-63 (1978); *Clark-Fitzpatrick, Inc. v. Long Island Railroad Co.*, 70 N.Y.2d 382, 386 (1987); *Cornell v. Cty. of Monroe*, 187 A.D.3d 1566, 1567-68 (4th Dep't 2020). The City Defendants are City officials sued solely in their official capacities, a City agency, and the New York City Department of Education. A suit against an official in his/her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)(quoting *Monell,* 436 U.S. at 690, n. 55). In addition, pursuant to the New York City Charter § 396, the City of New York is a suable entity but city agencies, such as the New York City Department of Health and Mental Hygiene, are not. *Livingston v. City of N.Y.,* 2021 WL 4443126 at *13 (S.D.N.Y. Sep. 28, 2021).

As to the claims regarding pendency and a denial of FAPE, DOE has no record that any of the Plaintiff Parents have filed either a ten-day notice or due process complaint concerning the mask mandate. Morgenstern Decl, ¶ 5. Plaintiffs effectively concede that they have not done so; they fail to assert, in their Pl MOL, that they have filed either ten-day notices or due process complaints concerning the mask mandate. Accordingly, as discussed in City Defendants' Memorandum of Law in Support of their Motion to Dismiss ("Def MOL"), pp. 11-14), the Court lacks subject matter jurisdiction over Plaintiffs' claims for pendency and a denial of FAPE which are set forth in their Ninth and Tenth Causes of Action.

## POINT II

**PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST THE CITY DEFENDANTS**

Plaintiffs fail to address the arguments made and the authorities cited by City Defendants concerning many of their causes of action. Accordingly, it is uncontested that the Complaint fails to state a claim pursuant to the First, Eighth or Ninth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1983 as a separate cause of action, Article XI, § 1 of the New York State Constitution or N.Y. Education Law § 313. Indeed, as discussed below, Plaintiffs' opposition to the Motion to Dismiss, as set out in their Pl MOL, bears little relation to their Complaint, which is primarily addressed, at great length, to the asserted irrationality of a mask mandate, which is allegedly based on religion and political ideology, rather than science. Plaintiffs had an opportunity to amend their Complaint, pursuant to the Court's Individual Rules and Practices in Civil Cases, 3(D)(ii), but chose not to do so. Instead, Plaintiffs improperly submit an Exhibit to the Pl MOL, which is outside the Complaint and does not relate

5

to the 12(b)(1) issues, and submit arguments as though this Exhibit, and the assertions they make in the Pl MOL based on this Exhibit, were incorporated into their Complaint.

Plaintiffs argue that the liberty interest parents have in the care, custody and control of their children, is a substantive due process right that is allegedly violated by the mask mandate. They cite *Troxel v. Granville*, 530 U.S. 57 (2000), *Pierce v. Society of Sisters,* 268 U.S. 510 (1925) and *Prince v. Massachusetts*, 321 U.S. 158 (1944) in support of this right. *Troxel* concerns a parent's right to determine the duration and frequency of grandparents' visitation with her children. *Troxel,* 530 U.S. at 72-73. *Pierce* concerns a parent's right to determine whether his children will attend a public or private school, and the decision notes that "No question is raised concerning the power of the State reasonably to regulate all schools…." *Pierce,* 268 U.S. at 534. *Prince* concerns a statute forbidding minors to sell written material (including religious material) in public places and forbidding anyone to provide them with such material for this purpose. The statute was upheld, against a claim by a guardian that this violated the religious freedom of both the guardian and the child, and the parental right of the guardian. Significantly, in explaining that the parental right was not beyond regulation in the public interest, the Supreme Court stated: "Thus, he [the parent] cannot claim freedom from compulsory vaccination for the child more than for himself on religious grounds. The right to practice religion freely does not include liberty to expose the community or the child to communicable disease or the latter to ill health or death." *Prince,* 321 U.S. at 166-67. Plaintiffs ignore the authorities cited in Def MOL, pp. 23-24, which show that there is no parental liberty interest, protected by substantive due process, to determine whether their children should wear a mask to school during a pandemic.

Plaintiffs then argue that Plaintiff Marie Farrell, the Parent of E.F., has standing (Pl MOL, pp 11-12); City Defendants never asserted that Plaintiff Farrell lacked standing. As to Plaintiff

6

Farrell, the Complaint merely states that given E.F.'s disabilities, wearing a mask *would* significantly interfere with her ability to identify facial features and language and *would* inhibit her speech progress and cause further "dysregulation triggering maladaptive behaviors." (C ¶¶ 24-26). Plaintiffs' argument is based not on their Complaint but on material that was submitted by City Defendants in opposition to the Motion for a Preliminary Injunction and statements (not all accurately described) made at the oral argument of that motion.[3] Plaintiffs also attach what appears to be a photograph of what appears to be a handwritten message on a white board, as Exhibit 1 to their Pl MOL. The message states" "Please make sure all students are wearing a face covering at all times" and that "Students can get a short mask break when outside for APE/Outdoor learning activities."

Plaintiffs then conflate and confuse a medical exemption (which exempts a student entirely from wearing a mask based on a medical condition) with an accommodation (which provides a resource or support to accommodate a student's individual needs concerning mask wearing, such as mask breaks). Pl MOL, p. 11-12. Plaintiffs then assert that Exhibit 1 somehow shows that the universal masking policy of the State and City Defendants does not permit any accommodations or exemptions. Pl MOL, pp. 17, 21.

---

[3] The letter from Principal Regan, states that the Office of School Health had referred the matter to the school for further action because the medical note submitted by Ms. Farrell did not provide a medical reason necessary for consideration of a mask exemption and offers to meet with Petitioner and E.F's father to discuss any concerns regarding E.F.'s mask wearing and additional supports or resources that could be provided including mask breaks. This letter was filed one week before the oral argument. (Declaration of Joshua Morgenstern, dated Nov. 10, 2021, Exh. B (Dkt # 63). Thus, the following statement in the Pl MOL, p. 11 makes no sense: "Perhaps, even more problematic and troubling, Plaintiffs discovered at the hearing before this Court November 18, 2021, that it was Principal Regan, agent of the NYC DOE, and not the Office of School Health, as represented to the Court, who denied E.F. an accommodation/medical exemption for the mandatory mask policy."

First, Exhibit 1 is improperly submitted in opposition to the City Defendants' Motion to Dismiss. Fed. R. Civ. P. 12(d) provides that "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Plaintiffs cannot supplement and effectively amend their Complaint, in opposition to a motion to dismiss the Complaint, by adding an exhibit to the Pl MOL (nor by referencing material filed and an oral argument held on their preliminary injunction motion). The Complaint is dated October 13, 2021 and contains no reference to the request for a medical exemption submitted to the school on September 4, 2021, nor to any purported difficulties that E.F. had with mask wearing, during either the 2021-2022 or 2020-2021 school years, nor to the handwritten message in Exhibit 1 to the Pl MOL.

Second, the Court should not take judicial notice of Exhibit 1 because it does not satisfy the requirements of Federal Rule of Evidence 201(b): "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Statements in a memorandum of law do not provide the basis for judicial notice. Even if they did, there is not even information provided as to who took the photograph or when it was taken. *Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters & Joiners of Am.*, 658 F. Supp. 2d 1266, 1279 (W.D. Wash. 2009)(declining to take judicial notice of photographs in deciding a Rule 12(c) motion).

Further, Exhibit 1 appears to be a photograph of a handwritten statement on what appears to be a white board; it is clearly not a complete and accurate statement of any policy or even any practice. If, for example, all students were required to wear a face covering at all times, then E.F.

8

and the other students at her school would not be able to eat or drink anything during the school day, a result that is clearly not DOE policy. Nor does the handwritten message encompass all aspects of the DOE policy implementing the State mask mandate. That policy provides for mask breaks, mask removal while eating lunch, that students who are not medically able to tolerate masks will be provided with alternative accommodations, and that requests for medical exemptions or accommodations can be made to the child's school.[4] As discussed above, the State mask mandate also provides for a medical exemption. 10 NYCRR 260(a) and the State Health Commissioner's Determination for P-12 school settings, reiterates this language and further states that the masking requirement 'is subject to applicable CDC-recommended exceptions." (quoted in C ¶ 122).

Plaintiffs also assert that there is a denial of due process in connection with requesting an accommodation or medical exemption. Pl MOL, p. 12. The DOE policy provides that such requests should be submitted to the school, which is what Plaintiff Farrell did. Insofar as Plaintiffs claim that they are entitled to post-deprivation process, it should be noted that Plaintiff Farrell has appealed the denial of a medical exemption for E.F. to the State Education Commissioner pursuant to N.Y. Education Law § 310, which provides, *inter alia*, that such appeals may be taken from any final decision of any officer or school authorities of any school district. *Id.* at 310(7).

Plaintiffs then make a bizarre argument based on Defendants' assertion that Plaintiffs' failure to pursue the required administrative remedies deprives the Court of subject matter jurisdiction over Plaintiffs' claims of a denial of pendency and a denial of FAPE. Plaintiffs assert that by citing these required administrative remedies, Defendants have conceded that Plaintiffs

---

[4] https://www.schools.nyc.gov/school-life/health-and-wellness/covid-information/health-and-safety-in-our-schools

9

have stated claims for pendency and a denial of FAPE. Pl MOL, pp. 14-20. This is completely meritless.

Finally, Plaintiffs claim that a mask is a restraint, asserting that this is the position of the Office for Civil Rights, U.S. Department of Education ("OCR"). PI MOL, pp. 17-18. Plaintiffs ignore the facts, cited in Def MOL, p. 18, that OCR is now investigating bans on school mask mandates imposed by several states, as possible violations of the rights of students with disabilities under both the Americans with Disabilities Act, Title II, 42 U.S.C. § 12101, *et seq*. and Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794, *et seq.,* and that the U.S. Department of Education is a proponent of universal mask-wearing in schools. These facts are wholly inconsistent with Plaintiffs' assertion that OCR considers masks to be restraints.

## CONCLUSION

For the foregoing reasons, City Defendants' Motion to Dismiss the Complaint should be granted and the Complaint should be dismissed in its entirety, and for such other and further relief as to the Court seems just and proper.

Dated:  New York, New York
  December 30, 2021

  Georgia M. Pestana
  Corporation Counsel of the City of New York
  Attorney for City Defendants
  100 Church Street, Room 2-180
  New York, New York 10007
  (212) 356-2083

  By: _____/s/_____
    Marilyn Richter
    Assistant Corporation Counsel